**E-filed 1/26/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: UNITED STATES VOTING MACHINES, INC. | Case Number C 05-01281 JF |
| UNITED STATES VOTING MACHINES, INC., | ORDER[1] DENYING MOTION TO DISMISS[2] |
| Appellant, | [Docket No. 24] |
| v. | |
| JUDITH POWELSON, | |
| Respondent. | |

## I. BACKGROUND

In 1996, United States Voting Machines, Inc. ("USVM"), a Colorado business venture, filed for corporate bankruptcy in the District Court of Colorado under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701 *et seq*. ("Chapter 7").  A trustee was appointed to liquidate

---

[1] This disposition is not designated for publication and may not be cited.

[2] The Court has determined that the instant motion is appropriate for disposition without oral argument pursuant to Civil Local Rule 7-1(b).

Case No. C 05-01281 JF
ORDER DENYING MOTION TO DISMISS
(JFEX1)

the company's assets. Kenneth Malpass ("Malpass"), USVM's chief executive officer and 93% owner, filed a claim for unpaid wages in that case. After liquidating USVM's assets and paying all creditors, the trustee of USVM's Colorado bankruptcy estate had $79,000 remaining.[3]

Several months after Malpass himself filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301 *et seq.* ("Chapter 13"). On October 20, 2004, Malpass's individual bankruptcy case was dismissed.

On May 23, 1997, while USVM's Colorado bankruptcy was pending, Malpass individually executed a promissory note for $250,000 in favor of Judith Powelson ("Powelson"), in connection with another business venture. The note was secured with Malpass's interest in USVM's Colorado bankruptcy estate and other proceeds of litigation.

In 1999, Powelson commenced a state court action against Malpass in Boulder, Colorado, to recover on the promissory note.[4] Additional named defendants were the trustee of USVM's bankruptcy estate and Mark Voting Systems, an entity that acquired the assets from the USVM bankruptcy. The trustee of USVM's bankruptcy estate agreed to relinquish the Colorado funds in his possession to the Colorado state court and was dismissed from the state court litigation.

On February 24, 2003, Malpass filed another Chapter 13 petition in this district which filing automatically stayed the approaching state court proceeding in Colorado. Powelson filed a claim in the California case and sought relief from the automatic stay in order to resume litigation in Colorado and to recover the funds in the possession of the Colorado state court.[5]

On October 28, 2003, one day before the hearing on Powelson's motion for relief from the automatic stay, Malpass filed a second corporate Chapter 7 bankruptcy case on behalf of USVM in this district, disputing Powelson's claim for the Colorado funds. On or about February

---

[3] The amount in dispute is now $84,653.18; the increase reflects accumulated interest. This amount is hereinafter referred to as the Colorado funds.

[4] *Powelson v. Weinman, Malpass et al.*, Boulder (Colorado) County District Court # CV 663.

[5] In September, 2004, Malpass's individual California Chapter 13 case was dismissed.

Case No. C 05-01281 JF
ORDER DENYING MOTION TO DISMISS
(JFEX1)

1, 2004, Carol Wu ("Wu"), the trustee of USVM's estate in the California Chapter 7 case, gained possession of the Colorado funds previously in possession of the state court in Colorado. On or about February 10, 2004, Powelson commenced litigation against Wu in this district asserting various rights in the funds.

On January 6, 2005, United States Bankruptcy Judge Marilyn Morgan dismissed USVM's California Chapter 7 bankruptcy case pursuant to the Bankruptcy Code, 11 U.S.C. § 707(a). The Bankruptcy Court held that:

> Based on a totality of the circumstances, the court concludes that dismissal of USVM's petition is appropriate. This is essentially a two party dispute. . . . [T]he reasonable inference of the facts . . . is that the Colorado chapter 7 trustee relinquished possession of the funds to the state court because the funds either belong to Malpass on his wage claim in USVM's earlier bankruptcy case or should go to Powelson in her state court suit on the note. In effect, the Colorado trustee recognized that the funds were distributable to Malpass but left to the state court the question of whether Malpass or Powelson had the right to receive the funds under the note. Further, the continuation of this case simply delays the resolution of the dispute between Malpass and Powelson and wastes precious judicial resources by requiring this court to enter a dispute that is already being litigated in Colorado. In light of these unique factual circumstances, dismissal is appropriate.

The Bankruptcy Court also directed Wu to return to the Colorado state court the funds that she obtained from that court.

On March 11, 2005, USVM moved for reconsideration of the dismissal, which was denied on March 14, 2005. On March 30, 2005, USVM filed notice of the instant appeal. USVM did not request a stay of the Bankruptcy Court's order directing Wu to return the Colorado funds to the Colorado state court. As a result, on May 18, 2005, Wu returned the Colorado funds to the Colorado state court. The Colorado state court proceeding, in which Powelson seeks to recover on the promissory note from Malpass, remains pending.

On December 12, 2005, Powelson filed a motion to dismiss USVM's notice of appeal as moot. On December 29, 2005, USVM filed opposition. The Court was scheduled to hear oral argument on January 13, 2006. On January 10, 2006, prior to oral argument, the parties filed a stipulation to continue the hearing on Powelson's motion to dismiss to February 17, 2006. However, the parties did not seek leave of the Court to continue the motion.

3

For the reasons set forth below, Powelson's motion to dismiss will be denied.

## II. DISCUSSION

Powelson argues that the issues on appeal are necessarily moot because USVM never sought a stay of the portion of the Bankruptcy Court's order directing Wu to return the Colorado funds to the Colorado state courts, and that because Wu in fact returned the Colorado funds, there no longer is an estate to administer.

This Court has jurisdiction over the instant case under 28 U.S.C. § 1334(e). Section 1334(e) provides in pertinent part that, "The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." 28 U.S.C.A. § 1334(e) (West Supp. 2005).

There are two somewhat overlapping ways by which bankruptcy appeals may become moot. *Focus Media, Inc. v. Nat'l Broad. Co. (In re Focus Media, Inc.)*, 378 F.3d 916, 922 (9th Cir. 2004). First, "an appeal will be dismissed as moot when events occur which prevent the [] court from granting an effective relief. . . ." *Bennett v. Gemmill (In re Combined Metals Reduction Co.)*, 557 F.2d 179, 187 (9th Cir. 1977); *see Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (holding that mootness applies when an event occurs while a case is pending appeal that makes it impossible for the court to grant any effectual relief). For example, when a trustee has already sold assets to a third party, a court may be powerless "to undo what has already been done." *In re Focus Media, Inc.*, 378 F.3d at 922-23 (quoting *In re Combined Metals Reduction Co.*, 557 F.2d at 187). However, "[t]he party asserting mootness has a heavy burden to establish that there is no effective relief remaining for a court to provide." *In re Focus Media, Inc.)*, 378 F.3d at 923 (quoting *Pintlar Corp. v. Fid. & Cas. Co. (In re Pintlar Corp.)*, 124 F.3d 1310, 1312 (9th Cir. 1997)).

Second, an appeal may become equitably moot when appellants "failed and neglected

4

diligently to pursue their available remedies to obtain a stay of the objectionable orders of the Bankruptcy Court and have permitted such a comprehensive change of circumstances to occur as to render it inequitable for th[e] court to consider the merits of the appeal." *Trone v. Roberts Farms, Inc. (In re Roberts Farms, Inc.)*, 652 F.2d 793, 795, 798 (9th Cir. 1981) (concluding that dismissal for mootness was appropriate because "[a]ppellants did not at any time apply to the bankruptcy judge for a stay . . . ."); *see Valley Nat'l Bank of Ariz. v. Trustee*, 609 F.2d 1274, 1283 (9th Cir. 1979) (finding that failure to seek stays coupled with a substantial change of circumstances justified dismissal of the appeal for lack of equity).  For instance, in *S.S. Retail Stores Corp. v. Ekstrom (In re S.S. Retail Stores Corp.)*, 216 F.3d 882, 885 (9th Cir. 2000), the Ninth Circuit held that it would be inequitable to force a law firm to disgorge fees awarded in bankruptcy court when the appealing trustee failed to seek a stay and the firm had continued to represent the debtor pursuant to the court's orders.

In sum, an appeal is moot if events have occurred that make it either impossible or inequitable for the court to fashion effective relief.  *Official Comm. of Unsecured Creditors v. Henry Mayo Newhall Mem'l Hosp. (In re Henry Mayo Newhall Mem'l Hosp.)*, 282 B.R. 444, 450 (B.A.P. 9th Cir. 2002).  Fashioning effective relief in the instant case would not be impossible.  *In re Roberts Farm, Inc.*, the court affirmed a dismissal for mootness of an appeal from an order confirming a plan of reorganization, because the plan had been "so far implemented that it [was] impossible to fashion effective relief for all concerned[.]"  652 F.2d at 797.  Here, in contrast, only a single transaction has been carried out.  Fashioning effective judicial relief would hardly require "putting Humpty Dumpty together again."  *Baker & Drake, Inc. v. Pub. Serv. Comm'n of Nevada (In re Baker & Drake, Inc.)*, 35 F.3d 1348, 1352 (9th Cir. 1994).  To make possible the relief USVM seeks, this Court only would have to return the Colorado funds to Wu, the USVM

bankruptcy trustee. Because such a remedy would be within the Court's authority, effective relief is available to USVM. Accordingly, the instant appeal is not moot under the first type of mootness. *See Spirtos v. Moreno (In re Spirtos)*, 992 F.2d 1004, 1007 (9th Cir.1993) (holding appeal not moot when court could order debtor to return to the estate post-confirmation distributions of pension plan assets).

Neither is this Court persuaded that it should dismiss USVM's appeal as equitably moot. As noted previously a court may dismiss an appeal on the ground of mootness is "when an appellant [has] neglected to obtain a stay pending appeal and the rights of third parties have intervened." *In re Spirtos,* 992 F.2d at 1006. "The classic example of mootness in the bankruptcy context is a case in which the debtor has failed to seek a stay of foreclosure and the debtor's property has been sold. The transfer to a third party precludes meaningful relief." *In re Baker & Drake, Inc.,* 35 F.3d at 1351; *see also In re Combined Metals Reduction Co.,* 557 F.2d at 189 (dismissing as moot appeals from orders approving and confirming sales and leases made to third parties not before the court). This case does not present such a situation because there are no third parties affected by the appeal.

It is USVM's obligation to pursue with diligence all available remedies to obtain a stay of execution of the objectionable order. *See Valley Nat'l Bank of Ariz.*, 609 F.2d at 1283. However, its failure to do so has not created a situation in which it would be inequitable to reverse the decision of the Bankruptcy Court. *See id.* An order compelling the Colorado state court to return the Colorado funds would require only that the Colorado state court disgorge money it received to Wu, USVM's bankruptcy trustee; money that would then be distributed pursuant to this Court's final decree. *See In re S.S. Retail Stores Corp.*, 216 F.3d at 884. Accordingly, the instant appeal is not moot based on equitable mootness.

### III. ORDER

Good cause therefore appearing IT IS HEREBY ORDERED that the motion to dismiss is DENIED.

DATED: January 25, 2006

_____
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

2

3  Mariam S. Marshall, mariam_m@pacbell.net,

4  Philip J. Nicholsen, nicholsenlaw@yahoo.com,

5  Starrett Paul, paul@starrettlaw.com,

6  Richard Seim, mail@seimr.com,

7

8  Nanette Dumas
   Office of the U.S. Trustee
9  280 S 1st St. #268
   San Jose, CA 95113-0002
10

11 Marilyn Morgan
   US Bankruptcy Court
12 280 Sourt First Street
   Room 3035
13 San Jose, CA 95113

14
   USBC Manager-San Jose
15 US Bankruptcy Court
   280 South First Street
16 Room 3035
   San Jose, CA 95113
17

18

19

20

21

22

23

24

25

26

27

28

8

Case No. C 05-01281 JF
ORDER DENYING MOTION TO DISMISS
(JFEX1)